IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BETHEL APOSTOLIC MINISTRIES, § | |
| WILLIAM L. NKEA, § | |
|     Plaintiffs, § | |
| v. § | Civil Action No. 3:22-CV-2265-E-BH |
| § | |
| CAPITAL FUND I, LLC, § | |
|     Defendant. § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the plaintiffs' *Application for Temporary Restraining Order*, filed December 4, 2022 (doc. 16). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On October 3, 2022, Bethel Apostolic Ministries (BAM) and William L. Nkea (collectively Plaintiffs) sued against Capital Fund I, LLC (Defendant) in state court based on its attempted foreclosure of real property located at 5303 Fleetwood Oaks Ave #276, Dallas, Texas 75234 (the Property). (doc. 1-3 at 6-16).[2] They assert claims for violations of the Texas Debt Collection Practices Act and the Texas Property Code, breach of contract, and declaratory relief. (*Id.*)

According to the petition, BAM as "maker" and Mr. Nkea as "guarantor" executed a Note and Deed of Trust "for the benefit of Defendant covering the Property" as part of the mortgage transaction that closed on or about July 30, 2021. (*Id.* at 7-8.) On August 11, 2022, Defendant sent Plaintiffs a letter stating that "the Note was due and a trustee's sale was scheduled," and it filed a Notice of Substitute Trustee Sale with the Dallas County Clerk. (*Id.* at 8.) Both documents

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

incorrectly recited that the Note and Deed of Trust were dated August 2, 2021. (*Id.*) Mr. Nkea's sworn declaration, which is attached to the petition, Mr. Nkea states that he has used the Property as his residence since May 2022, the Property "was originally intended to become the corporate Plaintiff's parsonage for" him and his family, and he never received a notice of default and opportunity to cure prior to the notice of trustee's sale. (*Id.* at 16.)  On the day the lawsuit was filed, the state court issued a temporary restraining order (TRO) and halted any foreclosure action on the Property pending further court order or expiration of the TRO by operation of law. (*Id.* at 25-28.)

Defendant removed the lawsuit to this court on October 8, 2022, and it moved for summary judgment on November 14, 2022. (doc. 8.) It argues that Plaintiffs' claims fail as matter of law because the statutory requirements allegedly violated only apply to consumer debts or residential mortgages, and the loan at issue was a commercial mortgage. (doc. 9.)

On Sunday, December 4, 2022, Plaintiffs moved for temporary restraining order to restrain "any non-judicial foreclosure sale depriving [them] of the title, use or possession of the Property." (doc. 16 at 1.) The seven-page motion states that Plaintiffs received notice that a non-judicial foreclosure sale of the Property will be conducted on December 6, 2022. (*Id.* at 3.) It also includes the following declaration by Mr. Nkea:

> I declare, under penalty of perjury, that each statement of fact in the foregoing Application which pertains to the residential homestead nature of the Property, to notices given, and to lack of required notice to me or to Bethel Apostolic Ministries, is true and correct of my own personal knowledge. I make this declaration December 4, 2022 at Dallas, Texas. I am a Plaintiff in this case and am authorized to make this Declaration on my own behalf and on behalf of Bethel Apostolic Ministries.

(*Id.* at 6.)

## II. TEMPORARY RESTRAINING ORDER

Although Plaintiffs' filing is entitled as a motion for TRO, it does not seek a TRO without

2

notice to the other side as permitted by Rule 65(b) of the Federal Rules of Civil Procedure, so the motion is treated as seeking injunctive relief under Rule 65(a).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

Here, the motion argues in conclusory fashion that "[s]ubstantial recovery by Plaintiffs is probable, in view of the substance of the claims they make under the Texas Debt Collection Act and for breach of contract, the possibility of multiple damages, and their recovery of fees and costs." (doc. 16 at 3-4.) This is insufficient to carry Plaintiffs' burden of establishing a substantial likelihood of success on the merits, however. As discussed, the petition alleges that BAM is the maker (or

debtor) and Mr. Nkea is the guarantor under the mortgage documents. (*See* doc. 1-3.) Texas courts have held that the notice requirements of Texas Property Code § 51.002(d) do not apply where the property in question is not the *debtor's* residence. *See Parker v. Frost Nat'l Bank of San Antonio*, 852 S.W.2d 741, 744–45 (Tex. App.—Austin 1993, writ dism'd by agr.). Although the motion contends that the Property has been the residential homestead of Mr. Nkea and that the notice of trustee's foreclosure sale fails to comply with the statutory notice requirements of § 51.002(d), it wholly fails to explain why those requirements are applicable in this case. (*See* doc. 16 at 3.) Nor does it cite to any legal authority supporting the application of those requirements to this case.

Because Plaintiffs have failed to establish a likelihood of success on the merits of any of their claims, it is not necessary to address the remaining three essential requirements for a preliminary injunction. *See Enterprise Int'l*, 762 F.2d at 472; *see, e.g., Lee v. Verizon Commc'ns Inc.*, No. 3:12-CV-4834-D, 2012 WL 6089041, at *6 (N.D. Tex. Dec. 7, 2012) ("Because the parties seeking a preliminary injunction must carry the burden of persuasion on all four factors, and because plaintiffs have failed to carry their burden of showing a substantial likelihood of success on the merits, the court need not address the remaining three factors.").

### III. RECOMMENDATION

Plaintiffs' motion should be **DENIED.**

**SO RECOMMENDED** on this 5th day of December 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE