**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BETHEL APOSTOLIC MINISTRIES** § | |
| and **WILLIAM L. NKEA,** § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:22-CV-2265-E-BH |
| v. § | |
| § | |
| **CAPITAL FUND I, LLC,** § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings, evidence, and applicable law, *Defendant Capital Fund I, LLC's Motion for Summary Judgment*, filed November 14, 2022 (doc. 8), should be **GRANTED**.

**I.   BACKGROUND**

This case involves the attempted foreclosure of real property located at 5303 Fleetwood Oaks Ave #276, Dallas, Texas 75234 (the Property). (doc. 1-3 at 6-16.)[2] On or about August 2, 2021, Bethel Apostolic Ministries as borrower (Borrower) and William L. Nkea as guarantor (Guarantor) signed a Promissory Note (Note) in favor of Capital Fund I, LLC (Defendant) for a loan in the principal amount of $140,000.00 (Loan). (doc. 10 at 10-15.) The Note states in pertinent part:

> **THE BORROWER OF THIS NOTE CERTIFIES THAT HE/SHE IS UNABLE TO OBTAIN CONVENTIONAL LOAN FINANCING; AND THAT THE INDEBTEDNESS EVIDENCED BY THIS NOTE IS OBTAINED FOR BUSINESS AND COMMERCIAL PURPOSES; AND THAT THE PROCEEDS THEREOF WILL NOT BE USED PRIMARILY FOR PERSONAL, FAMILY, HOUSEHOLD OR AGRICULTURAL PURPOSES.**

(*Id.* at 15 (formatting original).)

Borrower contemporaneously executed a Deed of Trust and Assignment of Rents (Deed of

---

[1] By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Trust) that granted a security interest in the Property to Defendant to secure repayment under the Note. (*Id.* at 17-30.)³ The Deed of Trust states that it is "not a residential mortgage loan" and is "for non-occupancy only," and that "Borrower, its agents, shareholders, members or managers shall not occupy this home for the purpose of a primary residence at any time." (*Id.* at 20.) It also includes the following provisions:

> In the event the Property is a single-family residence, townhouse, condominium, or mobile home plus the land upon which that mobile home is located Borrower expressly warrants and represents to Lender that the Property represents a commercial purchase/finance, for profit venture, and that Borrower will not and has no intention of occupying the Property as a primary or secondary personal residence.
>
> ***
>
> Borrower agrees and acknowledges that his/her Borrower Certificate, Declaration and the representations contained herein are a material inducement for the Lender to fund the Note; and that Borrower acknowledges that the Lender would not have considered funding the loan if this certification, declaration and representation was not tendered by Borrower.
>
> ***
>
> Borrower certifies that the loan funds provided will in no way be considered a "Consumer Loan" because Borrower is representing itself or himself or herself as a professional real estate investor.

(*Id.* at 26-27.)

Under the terms of the Note and Deed of Trust, Borrower would be in default if it failed to timely pay the full amount of each required monthly payment and subject to acceleration of the Loan and foreclosure proceedings on the Property. (*Id.* at 10-12, 18, 22.)

Beginning December 1, 2021, Borrower failed to submit its required monthly payments as required under the Note and Deed of Trust, and Defendant sent Borrower a 10 Day Demand Notice - Payment Due (Notice of Default) on December 20, 2021. (*Id.* at 32.) It explained that Borrower was

---

³The Note and Deed of Trust are dated July 30, 2021, but the Deed of Trust was executed on August 2, 2021. (doc. 10 at 10-15, 17-30.)

in default for failure to make required payments, and that it would be subject to default proceedings if the default was not cured within 10 calendar days of the notice. (*Id.*) The Note matured by its terms on February 1, 2022, and all sums became due and owing. (*Id.* at 10, 18.) On February 18, 2022, Defendant sent Borrower a 10 Day Demand Notice - Maturity Notice (Maturity Notice), demanding full payment for the Loan by February 28, 2022. (*Id.* at 34.)

On August 11, 2022, Defendant's counsel sent Borrower a Foreclosure Notice Letter/Note Matured by Its Terms (Notice of Sale), explaining that the Note matured by its terms, Borrower had failed to pay all amounts due thereunder, and the Property would be sold at a nonjudicial foreclosure sale. (*Id.* at 45-47.) Also included was an Appointment of Substitute Trustee and Notice of Substitute Trustee Sale (Notice of Substitute Trustee Sale) notifying Borrower that the sale of the Property was scheduled to occur on October 4, 2022. (*Id*. at 48-51.)

On October 3, 2022, Plaintiffs sued Defendant in state court for violations of the Texas Property Code and the Texas Debt Collection Protection Act (TDCPA) and for breach of contract. (*See* doc. 1-3 at 6-16.) They seek statutory damages, compensatory damages, exemplary damages, attorney's fees, court costs, injunctive relief, and a declaratory judgment. (*Id*. at 14.) The original petition includes the following declaration by Guarantor:

> I declare under penalty of perjury that:
>
> (1) I moved into the Property by at least May, 2022 and have used it continuously as my residence since then;
>
> (2) the Property was originally intended to become the corporate Plaintiff's parsonage for me and any other family member(s) of mine at the time of origination of the Loan, and such was the clear understanding of the agent(s) or officer(s) of the Defendant who helped me arrange the Loan;
>
> (3) I have received no notice of default and opportunity to cure regarding the Loan, given by certified mail, affording me at least twenty (20) days to cure any such

>default, prior to the Defendant's counsel's letter of August 11, 2022 advising that the Property was posted, or to be posted, for a trustee's sale.

(*Id.* at 16.) Plaintiffs also applied for a temporary restraining order, which was granted the same day, and the foreclosure sale was canceled. (*Id.* at 25-28.)

After Defendant removed the lawsuit to federal court on October 8, 2022 (doc. 1), it moved for summary judgment on all of Plaintiffs' claims on November 14, 2022 (doc. 8). Plaintiffs did not respond to Defendant's motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

4

renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

Where, as here, the nonmovant fails to respond to the motion for summary judgment, the failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing FED. R. CIV. P. 56(c)(1)).

5

summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp.2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *see* Fed. R. Civ. P. 56(e)(2)-(3).

A.  **TDCPA**[5]

Defendant moves for summary judgment on Plaintiffs' TDCPA claims, arguing they fail as a matter of law because the Loan is not a consumer debt under the TDCPA. (doc. 9 at 17-21.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *adopted by* 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* Tex. Fin. Code §§ 392.001-.404. "Consumer debt" means "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* § 392.001(2). Consequently, an obligation arising out of a commercial transaction falls outside the scope of the TDCPA. *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.); *see Dick v. Colorado Hous. Enterprises, L.L.C.*, 780 F. App'x 121, 126 (5th Cir. 2019) (citing *First*

---

[5]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is in Texas and the Note provides that it will be governed by Texas law. (doc. 10 at 13). The parties do not dispute that Texas law applies.

*Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135-36 (5th Cir. 1995) ("The Texas Debt Collection Practices Act applies only to consumer debt, not commercial debts.").

Defendant argues that there is no evidence that the Loan was obtained for personal, family, or household purposes. (doc. 9 at 10.) It provides the Note in which Borrower certified that the Loan was obtained for business and commercial purposes only and that the proceeds would not be used primarily for personal, family, or household purposes. (doc. 10 at 15.) It also provides the Deed of Trust, which provides in relevant part that the Loan was not a residential mortgage and that Borrower agreed that the Property would not be used "for the purpose of a primary residence at any time." (*Id.* at 20.) By directing the Court's attention to the absence of evidence supporting an essential element of Plaintiffs' TDCPA claims, on which they will bear the burden of proof at trial, Defendant has properly discharged its summary judgment burden. *See Celotex*, 477 U.S. at 325.

The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with respect to their TDCPA claims. As discussed, Plaintiffs have not responded to Defendant's motion for summary judgment. While the original petition includes Guarantor's sworn declaration that the Property was intended to become Borrower's parsonage for him and his family, the Fifth Circuit has long held that such "self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence." *Smith v. Sw. Bell Tel. Co.*, 456 F. App'x 489, 492 (5th Cir. 2012) (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). Morever, this self-serving declaration is not sufficient evidence that the Loan was primarily for personal, family, or household purposes. *See* Tex. Fin. Code §§ 392.001(2).

In *Garza v. Bancorp Grp., Inc.*, 955 F. Supp. 68 (S.D. Tex. 1996), the owner of a family-

7

owned business entered into lease agreements for security equipment at two store locations. The lessor moved for summary judgment on the TDCPA claims, arguing the leases were not consumer transactions. *Id.* at 71. Although the owner provided an affidavit stating that the security equipment was "for the primary purpose of protecting ourselves and our family," the agreements expressly provided that the equipment would not be used for personal, family, or household purposes. *Id.* The court granted summary judgment in favor of lessor, concluding that the fact "[t]hat the equipment was intended to provide security to family members working at the stores does not transform the purpose into a noncommercial one," and the TDCPA "does not extend to the debts of family-owned businesses that are incurred for business purposes." *Id.* at 71-72.

Like *Garza*, the summary judgment record establishes that the purpose of the Loan was a commercial one despite Plaintiffs' claims that the Property was intended to benefit Guarantor and his family. Because Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their TDCPA claims, Defendant is entitled to summary judgment on all of Plaintiffs' claims under the TDCPA.

**B.     Texas Property Code**

Defendant moves for summary judgment on Plaintiffs' claim that its attempted foreclosure violated the Texas Property Code on grounds that (1) § 51.002(d) does not apply to commercial transactions and (2) the summary judgment evidence demonstrates that it complied with the notices required by § 51.002(b). (doc. 9 at 13-14.)

*1.     Section 51.002(d)*

Section 51.002 of the Texas Property Code governs the sale of real property under deeds of trust or other contract liens. *See* Tex. Prop. Code § 51.002. Under § 51.002(d), the lender is required

to "serve a debtor in default under a deed of trust or other contract lien on real property *used as the debtor's residence* with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default." *Id.* § 51.002(d) (emphasis added). Texas courts have held that the notice requirements of § 51.002(d) do not apply where the property in question is not the debtor's residence. *See Parker v. Frost Nat'l Bank of San Antonio*, 852 S.W.2d 741, 745 (Tex. App.—Austin 1993, writ dism'd) (holding that debtor was not entitled to notice under § 51.002(d) because property was not debtor's residence); *Foster v. Ocwen Loan Servicing, LLC*, No. 02-20-00224-CV, 2021 WL 4783151, at *7 (Tex. App.—Fort Worth Oct. 14, 2021, no pet.) ("[Section 51.002(d)] is intended to provide an extra notice requirement that applies only when the collateral provided by the debtor is the debtor's residence."). This is because "[t]he benefit of protecting a commercial building is significantly different from the benefit of protecting a person's home." *Knapik v. BAC Home Loans Servicing, LP*, 825 F. Supp.2d 869, 871 (S.D. Tex. 2011).

Defendant provides the Note and Deed of Trust, which identify Borrower as the debtor, and state that the Loan was for commercial and business purposes only and that the Property shall not be used as a primary residence. (doc. 10 at 10-15, 17-29.) Because Defendant's evidence shows that § 51.002(d) does not apply to the Property, it has met its summary judgment burden.

The burden now shifts to Plaintiffs to show that there is a genuine issue of material fact with respect to this claim. They do not argue in response or provide any evidence that the requirements of § 51.002(d) apply to the Property. As discussed, the original petition includes Guarantor's sworn declaration, but Rule 56's allowance for affidavits opposing summary judgment is not intended to "replace conclusory allegations of the complaint or answer with conclusory allegations of an

9

affidavit." *Lujan v. Natl. Wildlife Federation*, 497 U.S. 871, 888 (1990) (citations omitted). To preclude summary judgment, Plaintiffs cannot rely on the bare allegations in their petition, but must come forward with evidence outside the pleadings sufficient to create a factual dispute regarding the issue of whether the Property "was used as the debtor's residence" as contemplated by the Texas Property Code. *See Celotex*, 477 U.S. at 324. Guarantor's declaration states that he has used the Property as his residence since at least May 2022, but he is not the debtor under the Note and Deed of Trust, and Plaintiffs have not provided any caselaw to support a finding that the notice requirements of § 51.002(d) apply when the property at issue is used as the *guarantor's* residence. (*See* doc. 1-3 at 16.)

Plaintiffs therefore have not shown that there is a genuine issue of material fact as to whether Defendant violated § 51.002(d). *See, e.g., In re Merkle*, 574 B.R. 641, 649 (Bankr. W.D. Tex. 2017) (finding that the notice requirements of § 51.002(d) was not applicable despite debtor residing at the property because "the purpose and intent of the Note and Deed of Trust is commercial use only").

### 2. *Section 51.002(b)*

Section 51.002(b) provides that the lender must provide the debtor notice of the time and place of the foreclosure sale at least 21 days prior to the date of the sale by posting notice in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor." Tex. Prop. Code § 51.002(b). Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *See id.* § 51.002(e). Courts have concluded that constructive notice, as opposed to actual notice, satisfies the notice requirements. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam).

To show that it sent Plaintiffs the notice of sale required by § 51.002(b), Defendant provides the Notice of Sale letter sent via certified mail on August 11, 2022, informing Plaintiffs that the Property would be sold at a nonjudicial foreclosure sale on October 4, 2022. (doc. 10 at 45-47, 52-55.) Attached to the letter is the Notice of Substitute Trustee Sale providing additional details about the foreclosure sale. (*Id.* at 48-51.) It also provides evidence showing that the Notice of Substitute Trustee Sale was both posted at the Dallas County courthouse and filed with the Dallas County Clerk on August 16, 2022. (*See id.* at 57-60.) Given this evidence, Defendant has met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' claim regarding its alleged violations of § 51.002(b).

The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with respect to this claim. Plaintiffs do not dispute the summary judgment evidence showing that a notice of sale was provided in compliance with § 51.002(b), and there is no genuine issue of material fact with respect to whether Defendant complied with the requisite notice requirements of the Texas Property Code.

Accordingly, Defendant is entitled to summary judgment on the claim that it violated the Texas Property Code.

**C.    Breach of Contract**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim, in which they claim that Defendant breached the Note and Deed of Trust by violating the Texas Property Code. (doc. 9 at 14-15.) It contends that the breach of contract claim fails because there is no genuine issue of fact regarding whether it provided Plaintiffs with the requisite notices under the Texas Property Code. (*Id.* at 15.)

11

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

As discussed, Defendant provides evidence showing that the Loan was a commercial loan and the Property was not the primary residence of the debtor. (*See* 10 at 10-15, 17-29.) It also provides evidence that a notice of substitute trustee sale with a proposed sale date of October 4, 2022, was sent to Plaintiffs on August 11, 2022, which was more than 21 days prior to the sale date of the Property. (*See id.* 45-47, 52-55.) Defendant's evidence demonstrates that the notice requirements of § 51.002(d) do not apply to the Property, and that it had complied with the notice requirements of § 51.002(b). It has therefore met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' breach of contract claim based on Defendant's purported breach of the Note and Deed of Trust due to its alleged violations of the Texas Property Code.

The burden now shifts to Plaintiffs to show that there is a genuine issue of material fact with respect to their breach of contract claim. They do not argue, or provide any evidence, that Defendant did not send the requisite statutory notices to them, or that they did not receive those notices. They have failed to identify evidence sufficient to create a genuine issue of material fact as to whether Defendant complied with the applicable notice requirements of § 51.002.

Because Plaintiffs have failed to meet their burden to show a genuine issue of material fact

12

as to their breach of contract claim, Defendant's motion for summary judgment as to this claim should be granted.

**D.     Declaratory Relief**

Defendant moves for summary judgment on Plaintiffs' request for declaratory judgment on the ground that they have failed to bring any viable claims against it. (doc. 9 at 15-16.)

Plaintiffs seek declaratory judgment that any deed or conveyance executed by or on behalf of any substitute trustee as to the Property are void, and that Defendant's actions violated the TDCPA. (doc. 1-3 at 14.) When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act (DJA) allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. Because the DJA does not create a substantive cause of action, the plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009). Accordingly, a declaratory judgment is unavailable where there is no viable claim for relief. *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *adopted by* 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted).

Because Plaintiffs have not met their summary judgment burden to show a genuine issue of material fact exists with respect to their substantive claims, Defendant is entitled to summary judgment on their request for declaratory judgment. *See Bell*, 2012 WL 568755, at *8 (denying

13

plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHome Key, Inc.*, 2011 WL 3606688, at *56 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

E.  **Injunctive Relief**

Defendant moves for summary judgment on Plaintiffs' request for injunctive relief on the ground that they have failed to bring any viable claims against it. (doc. 9 at 16.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

Plaintiffs seek to bar any transfer of interest in the Property or any forcible detainer, enjoin Defendant's actions which violate the TDCPA, and enjoin any action to interfere with their exclusive use and possession of the Property. (doc. 1-3 at 13.) Because summary dismissal of all Plaintiffs' claims is warranted on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' request for injunctive relief.

### III.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and all of Plaintiffs' claims should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 21st day of August 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE